NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

AUG 23 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

AURELIO GUADELUPE LOVOS, AKA
Aurelio Guadalupe Lovos, AKA Aurelio
Santos,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No.    15-73615

Agency No. A087-989-844

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 7, 2019**

Before:  THOMAS, Chief Judge, HAWKINS and McKEOWN, Circuit Judges

Aurelio Guadelupe Lovos ("Lovos"), a native and citizen of El Salvador,

petitions for review of the Board of Immigration Appeals' ("BIA") order

dismissing his appeal from an immigration judge's ("IJ") decision denying his

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

application for withholding of removal and protection under the Convention Against Torture ("CAT").

Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo questions of law, *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008), except to the extent that deference is owed to the BIA's interpretation of the governing statutes and regulations, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the BIA's denial of Lovos' withholding of removal claim. Lovos claims he will be persecuted as a member of a social group consisting of "individuals who have lived in the United States, and who will be targeted in El Salvador by groups that believe they have money," but the BIA did not err in finding that this is not a cognizable social group. *See Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016) (in order to demonstrate membership in a particular group, "[t]he applicant must 'establish that the group is (1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question'" (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014))). Lovos argues the agency erred in failing to consider his claim that he will be persecuted because of

2

his political opinion, but the agency correctly concluded that Lovos failed to advance this claim or support it with any evidence in the record. To the extent he articulates this claim on review, it is unexhausted, and we lack jurisdiction to review it. *See Barron v. Ashcroft*, 358 F.3d 674, 677–78 (9th Cir. 2004) (court lacks jurisdiction to review claims not presented to the agency).

Substantial evidence supports the agency's denial of CAT relief because Lovos failed to show it is more likely than not he will be tortured by or with the consent or acquiescence of the government if returned to Mexico. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**